{¶ 1} Defendant-appellant, Dontell Avery, appeals from his conviction on one count each of carrying a concealed weapon and having a weapon under disability. After review of the record, and for the reasons stated below, we affirm.
 {¶ 2} The facts reveal that appellant was arrested by East Cleveland police officers on August 21, 2006, pursuant to an outstanding warrant for his arrest on a charge of aggravated murder. During the arrest, officers searched appellant and found a loaded handgun concealed in the waistband of his pants. At the time of the arrest, appellant was on probation for a case unrelated to the murder charge.
 {¶ 3} Appellant was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.11, a fourth degree felony, and one count of having a weapon while under disability in violation of R.C. 2923.12, a third degree felony. Appellant entered a plea of not guilty at arraignment. He subsequently withdrew that plea and entered a plea of no contest to both counts of the indictment. The trial court found appellant guilty on both counts and imposed maximum consecutive prison terms of 18 months on the concealed weapon charge and five years on the weapons disability charge.
 {¶ 4} Appellant now appeals that conviction and assigns the following error for review:
 {¶ 5} "THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN IMPOSING THE MAXIMUM AND CONSECUTIVE PRISON TERMS FOR *Page 4 
APPELLANT, DONTELL AVERY'S CONVICTIONS FOR CARRYING A CONCEALED WEAPON AND HAVING A WEAPON UNDER DISABILITY."
 {¶ 6} Appellant correctly asserts that as a result of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. at paragraph seven of the syllabus. In exercising that discretion, the trial court must consider the statutory factors found in R.C. 2929.11 and 2929.12, which "apply as a general judicial guide for every sentencing." Foster at _36 and 42.
 {¶ 7} R.C. 2929.11 states that the court "shall consider" the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In achieving those purposes, the court shall also consider the need for incapacitation, deterrence, rehabilitation, and restitution. Id. A felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing" and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Finally, a sentence may not be based upon the race, ethnic background, gender, or religion of the offender. R.C. 2929.11(C).
 {¶ 8} R.C. 2929.12 provides that the trial court has discretion "to determine the most effective way to comply with the purposes and principles of sentencing," and directs the *Page 5 
court to consider, along with any other "relevant" factors, the seriousness factors set forth within divisions (B) and (C) and the recidivism factors in divisions (D) and (E). There is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria concerning seriousness and recidivism or even a requirement to discuss them. State v. Coins, Cuyahoga App. No. 89232, 2007-Ohio-6310, _14, citing State v. Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433.
 {¶ 9} Appellant argues that the trial court abused its discretion by failing to consider the statutory sentencing factors provided in R.C. 2929.11 and 2929.12 before imposing maximum consecutive prison terms for each count. Pursuant to R.C. 2953.08(G)(2), we will uphold a sentence on appeal unless we clearly and convincingly find that the record does not support the sentence or the sentence is contrary to law.
 {¶ 10} Appellant's assertion that the court failed to consider the statutory factors is contradicted by the record. The sentencing entry states that the trial court considered all required factors under the law. The record reveals that prior to sentencing appellant to the maximum prison terms on the two weapon counts, the trial court considered the facts of the case, oral statements made by appellant and his counsel, and the Pre-Sentence Investigation Report to determine appellant's prior criminal history, his likelihood of recidivism, and the seriousness of the offense. Appellant's four prior convictions and the fact that at the time of the offense appellant was on probation to the court from an earlier conviction, demonstrate appellant's likelihood of recidivism. Appellant and his counsel addressed the court on the issue of seriousness, arguing that appellant only carried the gun for his protection and did not *Page 6 
brandish the gun or point it at the police. The sentences of 18 months on the carrying a concealed weapon charge and five years on the having a weapon while under disability charge both fall within the statutory range of sentences for those offenses and are not contrary to law. Based upon our review of the record, including the transcripts of the plea and sentencing hearings and the subsequent judgment entry, this court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably or that the sentence is unsupported by the record. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1