JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Gabriel Quinones appeals from the sentence imposed following his guilty plea to one count of attempted felonious assault and one count of attempted child endangering, and one count of endangering children. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was charged in a twenty-two count indictment for various offenses in connection with alleged attacks on his wife and two young children. Defendant subsequently pled guilty to attempted felonious assault, endangering children, and attempted endangering children. At the sentencing hearing, the trial court imposed sentences of four years in prison for attempted felonious assault, four years for endangering children, and seventeen months for attempted endangering children. The court did not state at the hearing whether the sentences would be served concurrently or consecutively. The journal entry issued by the court, however, indicated that the terms would be served consecutively, for a total sentence of nine years and five months in prison. See State v Quinones, Cuyahoga App No. 89221, 2007-Ohio-6077.
 {¶ 3} This court found a violation of Crim. R. 43(A) and stated:
 {¶ 4} "Regardless of Quinones' actual or perceived understanding of the total amount of time he would have to serve, it cannot be ignored that the court's pronouncement in open court differed from its sentencing entry. See State v. Hess, 2001-Ohio-3463. As stated on the record, the court's imposition of sentences meant that Quinones would serve only four years. In contrast, the journal entry imposed a *Page 4 
sentence of nine years and five months; thus, the court effectively modified Quinones' sentence by more than five years. Because it did so outside his presence, the trial court violated Crim. R. 43(A)."
 {¶ 5} On April 23, 2008, the trial court re-sentenced defendant and stated on the record as follows:
 {¶ 6} "The sentence of the Court is 250 and costs and four years oneach of the counts. Those counts will be served consecutively. The sentence on the felony of the fourth degree is 250 and costs, 17 months Lorain Correctional Institution. Each count to be served consecutively." (Emphasis added)
 {¶ 7} Thereafter, the trial court issued a journal entry which stated:
 {¶ 8} "The Court considered all required factors of the law.
 {¶ 9} "The Court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 10} The Court imposes a prison sentence at the Lorain Correctional Institution of 9 year(s) 5 month(s).
 {¶ 11} "Defendant sentenced to four years as to Counts 4 and 22; 17 months as to Count 10, counts to run consecutive to each other for a total of 9 years and 5 months."
 {¶ 12} Defendant now appeals and complains that the sentence was modified outside of his presence in violation of Crim.R 43(A), that the court did not consider R.C. 2929.11 and 2929.12 in determining the term of imprisonment, and that the sentence violates prohibitions against cruel and unusual punishment. *Page 5 
 {¶ 13} As to the first of these claims, we now conclude that the court's statement at first glance appears to be ambiguous. It is not. The charges of attempted felonious assault and child endangerment carry possible four year penalties but the charge of attempted child endangerment does not. Thus the court's statement that defendant will be sentenced to four years on "each" count and 17 months on the felony of the fourth degree is in fact a clear statement which is properly set forth in the court's journal entry. We therefore find no violation of Crim. R. 43.
 {¶ 14} As to defendant's claim that the trial court did not properly consider R.C. 2929.11 and R.C. 2929.12, we recognize that the trial court must consider the factors set forth in R.C. 2929.11, 2929.12 and2929.13. However, the trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors. State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303;State v. Avery, Cuyahoga App. No. 90233, 2008-Ohio-3975 . Where the record is silent, a presumption exists that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361. From the instant record, there is no indication that the court failed to consider the required factors.
 {¶ 15} As to the charge that the sentence is cruel and unusual, we note that because the sentence was within the permissible statutory range, this claim is without merit. McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69, 203 N.E.2d 334; State v. Evans, 153 Ohio App. 3d 226,2003-Ohio-3475, 792 N.E.2d 757.
 {¶ 16} The assignments of error are without merit. *Page 6 
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1