JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the judgment of the trial court that dismissed the escape charge against defendant-appellee Darrell Thompson. For the reasons that follow, we affirm.
 {¶ 2} The December 11, 2002 escape charge at issue arose from post-release control sanctions placed upon defendant by the Ohio Adult Parole Authority following the service of his sentence in Case No. CR-391973. Defendant moved to dismiss the escape charge asserting that post-release control was not part of his sentence in Case No. CR-391973. The trial court granted the dismissal and the State appeals assigning the following error:
 {¶ 3} "I. The trial court erred in dismissing the escape charge as it was contrary to law."
 {¶ 4} The State claims that defendant waived the ability to challenge the imposition of post-release control by not raising the issue on direct appeal in Case No. CR-391973. Thus, the State argues the escape charge must stand[1]
 {¶ 5} In Woods v. Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court held that R.C. 2967.28 was constitutional to the extent that it does not violate the separation of powers doctrine or the due process clause. The court emphasized, however, that in order to be considered constitutional the offender must be given notice of the post-release control at the time of the original sentence. Id. at 513. Specifically, the trial court must inform the offender "at sentencing or at the time of a plea hearing" that post-release control is part of the offender's sentence. Id.
 {¶ 6} After the Ohio Supreme Court's pronouncement in Woods, we addressed the propriety of various trial court rulings on motions to dismiss escape charges for failure to properly advise an offender of post-release control in the underlying case. See State v. Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007; State v. Woods (Sept. 13, 2001), Cuyahoga App. No. 78458; State v. Walker (Sept. 6, 2001), Cuyahoga App. Nos. 78283 and 78284. In each instance, we directed the trial court to review the proceedings in the underlying cases to ascertain compliance with Woods. Id.
 {¶ 7} We have before us the transcript of defendant's plea and sentencing hearing in Case No. CR-391973. The trial court did not advise the defendant that post-release control could or would be part of his sentence. Post-release control is not mentioned at all. Likewise, the sentencing journal in Case No. CR-391973 does not include post-release control as part of the sentence. We find it unreasonable to place the burden upon the defendant to appeal a provision of his sentence of which he is not aware of through either the plea or sentencing hearing or the sentencing journal entry. In this instance, it was the State that should have appealed that component of the sentence which was clearly not included as part of defendant's sentence and could or should have been under the law.[2]
 {¶ 8} Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J., and Michael J. Corrigan, J., concur.
[1] The State relies upon State v. Swinney (Apr. 26, 2001), Cuyahoga App. No. 78020, while defendant relies upon State v. Mickey (Apr. 5, 2001), Cuyahoga App. No. 77889. We find the instant case distinguishable from both Swinney and Mickey. In Swinney, the defendant challenged the constitutionality of R.C. 2967.28 and the opinion is silent as to whether the trial court mentioned post-release control to the defendant at hearing or included it in the sentencing journal in the underlying case. In Mickey, the record indicated that the defendant was advised of post-release control during his plea hearing in the underlying case but it was not made part of his sentence because it was not included in the trial court's sentencing journal entry. In this case, it is undisputed that the court never advised defendant of post-release control at hearing and did not include it in the sentencing journal entry.
[2] We are aware that the Ohio Supreme Court is addressing the appropriate manner of rectifying the failure of a trial court to properly impose mandatory post-release control in State v. Finger,99 Ohio St.3d 1470, 2003-Ohio-3801. Finger, however, involved a direct appeal by a defendant who sought to vacate the post-release control portion of his sentence because it was not imposed in accordance with the law. This Court is split as to whether that portion of the sentence must be vacated entirely or simply remanded for proper imposition of post-release control. Thus, the resolution of Finger will not resolve the problem here, that is, whether an escape charge emanating from purported post-release control from a prior conviction can stand where the court did not properly impose post-release control in that prior sentence and which sentence defendant has already served.