OPINION
{¶ 1} Defendant-appellant, Ronald Mullins, appeals from his conviction and sentence in the Butler County Court of Common Pleas for one count of attempted escape. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On August 22, 2005,[1] appellant entered a plea of guilty to one count of *Page 2 
receiving stolen property, a fourth-degree felony in violation of R.C.2913.51(A). Upon accepting his plea, the court informed appellant that he would be subject, pursuant to R.C. 2967.28, to postrelease control following his prison term. The court further informed appellant that if he violated the conditions of postrelease control, the parole authority could impose further incarceration terms up to one half of his original sentence. The court described appellant's worse case scenario as serving a possible "27 months maximum on this case." The court accepted appellant's plea of guilty and imposed a 12-month prison term. Appellant was subsequently placed on postrelease control. Appellant did not appeal his conviction or sentence in that case.
 {¶ 3} On October 25, 2006, appellant was charged with one count of escape for failure to report to his parole officer while on postrelease control. On December 15, 2006, appellant entered a plea of guilty to a reduced charge of attempted escape, a fourth-degree felony in violation of R.C. 2923.02 and 2921.34(A)(1), the conviction which forms the basis of the instant appeal. When accepting appellant's plea, the trial court informed appellant that the charge carried a possible maximum 18-month prison term and that he would again be subject to postrelease control pursuant to R.C. 2967.28 following that prison term. The court also informed appellant that if he violated a condition of postrelease control, the parole authority could impose further incarceration terms up to one half of his original sentence. The court accepted appellant's plea of guilty and, on January 12, 2007, imposed a prison term of 18 months. Pursuant to R.C. 2929.141, the court then also imposed a consecutive 12-month prison term for the commission of a new felony while on postrelease control. Appellant raised no objection to the sentence at the sentencing hearing. Appellant then filed this timely appeal and raises two assignments of error for our review.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT'S SENTENCE, IMPOSED UNDER REVISED CODE *Page 3 
SECTION 2929.141, IS VOID AB INITIO AND CONTRARY TO LAW BECAUSE APPELLANT WAS NOT INFORMED OF THAT SANCTION WHEN POST-RELEASE CONTROL WAS PREVIOUSLY IMPOSED."
 {¶ 6} In his first assignment of error, appellant argues that the 12-month consecutive sentence imposed by the trial court is void because he was never informed of such a possibility when he was sentenced on his original felony conviction for receiving stolen property. Appellant asks this court to amend the sentence from the trial court to vacate the 12 consecutive months imposed pursuant to R.C. 2929.141.
 {¶ 7} Ohio case law is clear that when sentencing a felony offender to term of imprisonment, the trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph two of the syllabus. A court is required to notify an offender both that he may be subject to postrelease control, and where applicable, that failure to comply with the conditions of postrelease control could result in imposition of a prison term of up to one-half of the stated prison term originally imposed. Id. at ¶ 15. These requirements have been incorporated into Ohio's sentencing statute at R.C.2929.19(B)(3)(c)-(e). "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. It is not disputed that the trial court complied with both of these requirements in this case.
 {¶ 8} Appellant argues, however, that the trial court was also required to inform him of the potential consequences of committing a new felony while on postrelease control, as articulated in R.C. 2929.141. That section provides, in relevant part:
 {¶ 9} "(B) A person on release who by committing a felony violates * * * any post-release control sanction * * * may be prosecuted for the new felony. Upon the person's *Page 4 
conviction of or plea of guilty to the new felony, the court shall impose a sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following * * * regardless of whether the sentencing court or another court of this state imposed the original prison term * * *.
 {¶ 10} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony.* * *"
 {¶ 11} Appellant argues that because the trial court failed to notify him of the potential implications of R.C. 2929.141 at his sentencing hearing on the original felony conviction, the court was barred from imposing the consecutive sentence upon conviction of the new felony. However, appellant did not object to the court's sentence on his conviction for attempted escape at the time it was imposed. We further note that appellant's plea of guilty to the reduced charge of fourth-degree felony attempted escape was the result of a plea bargain which allowed appellant to avoid a potential five-year sentence on his original charge of third-degree felony escape. Despite his claim that he was deprived of notice with regard to R.C. 2929.141, he does not challenge the knowing or voluntary nature of his plea in this appeal, nor does he seek to withdraw his plea on his attempted escape conviction.
 {¶ 12} Instead, appellant seeks only to void the consecutive 12 months that were added to his sentence, claiming that the trial court was required to notify him that the commission of a new felony while on postrelease control could result in the imposition of a 12-month sentence, consecutive to any sentence imposed for the new felony. While appellant attempts to extend the postrelease control notification requirements identified in Jordan and codified in R.C. 2929.19, he fails to point to any statutory requirement that the trial court notify an offender of the implications of R.C. 2929.141. This issue was very *Page 5 
recently examined in State v. Susany, Mahoning App. No. 07 MA 7,2008-Ohio-1543. In that case, the Seventh District Court of Appeals noted that "the preeminent purpose of R.C. 2967.28 was to ensure that defendants know at their sentencing that, `their liberty could continue to be restrained after serving their initial sentences.'" Id., quotingWatkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082. The court went on to find that there is no requirement that a defendant be advised that upon the commission of a new offense, a defendant is subject to additional prison time for any felony committed while on postrelease control. Id. at ¶ 95.[2]
 {¶ 13} We find Susany to be persuasive and similarly find no error in the trial court's failure, at appellant's sentencing on his original offense, to inform him of the potential sentence for committing a new felony while on postrelease control. The trial court correctly informed appellant, at the plea hearing for his original receiving stolen property conviction, that he faced a possible "maximum 27 months" when referring to the court's ability to impose up to 18 months on the conviction and the parole authority's ability to impose up to an additional 9 months for violations of postrelease control conditions.[3] That notice did not affect a trial court's later ability to impose a 12-month consecutive sentence pursuant to R.C.2929.141 for the commission of a new felony while on postrelease control. We therefore find the court properly exercised its jurisdiction and discretion pursuant to R.C. 2929.141 to impose the 12-month consecutive sentence when sentencing appellant on his conviction for attempted escape in this case.
 {¶ 14} While we find no error on the part of the trial court in this case, we do note that the better practice would be to include notification of the potential implications of R.C. *Page 6 2929.141 when notifying defendants of the other potential implications of postrelease control. Whether in imposing sentence, where a defendant may be subject to postrelease control, or in accepting a plea from a defendant who was on postrelease control at the time of the new felony, including notification of the implications of R.C. 2929.141 avoids any claim of lack of notice and is therefore preferential.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT LACKED JURISDICTION TO IMPOSE A SENTENCE UNDER REVISED CODE 2929.141."
 {¶ 18} In his second assignment of error, appellant argues that the trial court lacked jurisdiction to impose any sentence under R.C.2929.141 because the statute amounts to an unconstitutional bill of attainder, prohibited by the United States Constitution. However, while appellant attempts to challenge the trial court's jurisdiction to impose the sentence under R.C. 2929.141, his argument is couched in a challenge to the constitutionality of the statute itself. Appellant failed to raise any constitutional challenge to the statute at the time his sentence was imposed.
 {¶ 19} "The question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." State v. Awan (1986),22 Ohio St.3d 120, 122; see, also, State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642. An appellate court will not consider any error which could have called been called to the trial court's attention at a time when such error could have been addressed by the trial court. Id.; see, also, State v. Pryor, Stark App. No. 2007-CA-00166, 2008-Ohio-1249
(declining to address constitutional challenge to R.C. 2929.141 when raised for the first time on appeal). Appellant's argument may not be raised for the first time on appeal.
 {¶ 20} Accordingly, appellant's second assignment of error is overruled. *Page 7 
 {¶ 21} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The transcript provided to this court incorrectly lists the year of the hearing as 2006.
[2] The court also held that the trial court had substantially complied with Crim.R. 11(C)(2)(a) in accepting defendant's plea of guilty, despite the lack of this advisement.
[3] The court eventually imposed a sentence of only 12 months. *Page 1