JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Levy Witherspoon appeals his plea to two counts of escape and the accompanying sentence. Both escape charges arose from Witherspoon's violation of postrelease control. He sets forth the following three errors for our review:
 "I. The trial court erred by convicting appellant of two counts of escape where the postrelease control that formed the basis of the escape charges was invalid and could not support the charges of escape."
 "II. Appellant was denied the effective assistance of counsel provided by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution, as well as Due Process under the Fourteenth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution."
 "III. Appellant's sentence was contrary to law."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Witherspoon's convictions.
 History of the Case {¶ 3} On May 10, 2006, Witherspoon pled guilty to one count each of drug possession in three different cases. At the plea hearing, the trial court informed Witherspoon he was subject to postrelease control. At the sentencing hearing, the court informed Witherspoon he could receive up to three years of postrelease control and further informed Witherspoon that if he violated the conditions of postrelease control, the parole authority could impose further incarceration terms up to one half of his original sentence. The trial court sentenced *Page 3 
Witherspoon to a concurrent sentence of nine months on each count. Witherspoon did not appeal his plea or sentence in those cases.
 {¶ 4} Upon being released from prison in October 2006, Witherspoon was placed in a half-way house. He failed to report to the half-way house and was considered AWOL. His whereabouts were eventually discovered in early December 2006 when he was arrested for possessing a crack pipe. Officers transported him to the half-way house. However, he again went AWOL and was not found until January 11, 2007.
 {¶ 5} As a result of these actions, Witherspoon was charged in three different cases. In Case No. 490643, he was charged with one count of escape for violating his postrelease control; in Case No. 491712, he was charged with drug possession; in Case No. 493883, he was charged with one count of escape for violating his postrelease control.
 {¶ 6} On July 18, 2007, Witherspoon entered a plea in all three cases. He pled to two counts of escape and one count of drug possession. The trial court sentenced Witherspoon to two years in prison for each of the escape counts and one year in prison for the drug possession to be served concurrently for a total of two years in prison.[1]
 Postrelease Control *Page 4 {¶ 7} In his first assigned error, Witherspoon contends the trial court failed to notify him of postrelease control in a "reasonably thorough manner" as prescribed by R.C. 2943.032(E); therefore, he claims that he cannot be convicted for escape. We disagree.
 {¶ 8} The State contends we do not have jurisdiction to review this appeal because Witherspoon has failed to file a direct appeal from his former plea and sentence to drug possession in which the trial court ordered postrelease control. Witherspoon has provided the transcript from the prior plea, but not the complete record from the prior case, therefore, we agree we are without jurisdiction to alter his prior plea and sentence.
 {¶ 9} However, Witherspoon is not requesting we alter his prior plea. He requests we review the transcript from the prior plea to determine whether the postrelease control was validly entered because it forms the basis of his escape conviction, which is the subject of the instant appeal. We conclude we do have jurisdiction to review the prior plea for this purpose.[2] Otherwise, there would be no way we could determine whether Witherspoon was properly confined when he allegedly committed the escape. *Page 58 
 {¶ 10} Our review of the record indicates that the trial court advised Witherspoon regarding postrelease control both at his guilty plea and sentencing hearing in the underlying case. At his plea hearing, the trial court advised Witherspoon as follows:
 "All right. You also understand that you are subject to postrelease control. If you violate the terms and conditions of postrelease control, you could receive up to one half of your sentence."[3]
 {¶ 11} At the sentencing hearing, which was conducted immediately after the plea hearing, the trial court stated: "He is subject to post-release control, up to three years at the discretion of the parole board."[4]
 {¶ 12} Witherspoon argues that the trial court's notification was not imposed in a "reasonably thorough manner" because the trial court failed to advise Witherspoon of the exact number of years of postrelease control at his plea hearing.
 {¶ 13} In Watkins v. Collins, [5] twelve petitioners filed a writ of habeas corpus with the Ohio Supreme Court to compel their release from prison. The petitioners were in prison for violating the terms of their postrelease control. The *Page 6 
petitioners claimed that they were mistakenly informed at their sentencing hearings that they may receive postrelease control, when it was actually mandatory.
 {¶ 14} The Ohio Supreme Court denied the writ, determining that although the petitioners' sentencing entries erroneously referred to discretionary instead of mandatory postrelease control, a reasonable person in the petitioner's position would have had sufficient notice that postrelease control could be imposed.[6] Thus, the Supreme Court concluded that the essential purpose of R.C. 2967.28 was satisfied; i.e., that offenders subject to postrelease control know at sentencing that their liberty could be restrained after serving their initial sentence.[7]
 {¶ 15} We note in Watkins, the Supreme Court discussed proper notification at a sentencing hearing. The Ohio Supreme Court reversed this court's decision in State v. Hollowajf[8], based on theWatkins decision; however, the Holloway case dealt with improper notification at a plea hearing. Therefore, we conclude theWatkins holding extends to notification at plea hearings. *Page 7 
 {¶ 16} If Witherspoon had not been given any notice about postrelease control, he could not be subject to it.[9] However, as inWatkins, he was at least put on some notice that postrelease control was part of his sentence. Therefore, the fact the trial court failed to advise Witherspoon of the exact years of postrelease control at his plea, does not make the imposition of the postrelease control invalid.
 {¶ 17} Witherspoon also argues the trial court failed to apprise him of the consequences of violating his postrelease control at sentencing. That is, the violation could result in an additional charge. Witherspoon's argument seeks to extend the postrelease control notification requirement set forth by the Ohio Supreme Court inState v. Jordan[10] and codified in R.C. 2929.19(B)(3) to R.C. 2929.141, the statute governing the charging of a new felony for violating postrelease control. However, he fails to point to any statutory requirement that the trial court notify an offender of the implications of R.C. 2929.141.
 {¶ 18} Moreover, the Seventh District and Twelfth District Court of Appeals recently addressed this same issue.[11] Relying onWatkins, those districts held that although the defendants were not apprised of all the *Page 8 
ramifications of their postrelease control, as long as they were advised that their liberty could continue to be restrained after sentencing, this provided adequate notice.
 {¶ 19} In the instant case, because the trial court advised Witherspoon at his guilty plea and sentencing hearing that he was subject to postrelease control, and incorporated same in the sentencing entry, Witherspoon was properly convicted of escape for failure to report to the half-way house and leaving the half-way house. Accordingly, Witherspoon's first assigned error is overruled.
 Ineffective Assistance of Counsel {¶ 20} In his second assigned error, Witherspoon claims his counsel was ineffective for failing to move to dismiss the escape charges.
 {¶ 21} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.[12] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[13] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings *Page 9 
would have been different.[14] Judicial scrutiny of a lawyer's performance must be highly deferential.[15]
 {¶ 22} We determined in the first assigned error that Witherspoon's postrelease control was properly imposed, and that the trial court was not required to advise Witherspoon that he could be convicted of escape for failing to report as dictated by the terms of his postrelease control. Therefore, counsel's failure to file a motion to dismiss the escape charge based on these arguments did not constitute ineffective assistance of counsel. Therefore, Witherspoon has not shown, but for his attorney's error, the result of the proceedings would have been different. Accordingly, Witherspoon's second assigned error is overruled.
 Proportionality of Sentence {¶ 23} In his third assigned error, Witherspoon argues that his sentence was contrary to law because his two escape charges originated from violating the same postrelease control, and the trial court failed to determine that his sentence was proportional to similarly sentenced offenders as required by *Page 10 
R.C. 2929.11. He contends he should have received one year concurrent terms for his escape convictions. We disagree.
 {¶ 24} R.C. 2929.11(B) states:
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 25} In the instant case, the trial court, in imposing the sentence, noted that Witherspoon had a couple dozen prior convictions for drug possession, and that Witherspoon received lenient sentences in those prior cases, only to reoffend. As a result, the trial court imposed a two-year sentence for each escape charge to be served concurrently. Witherspoon has failed to set forth here, or for that matter, at his sentencing hearing, evidence that other offenders with a similar prior history received more lenient sentences. In fact, the court noted another convict had received five years for an escape charge.
 {¶ 26} Further, in State v. Foster,[16] 6 the Ohio Supreme Court emphasized *Page 12 
that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Because the escape charges were third degree felonies, Witherspoon could have received up to five years for the charges.[17] Therefore, the trial court's sentence of two years was within the statutory range.
 {¶ 27} Witherspoon also alleges the trial court should have also considered the fact that the charges arose from violating the same postrelease control. The Ohio Supreme Court in State v.Martello[18] held that multiple sentences for the same offense of violating postrelease control does not violate double jeopardy. Moreover, in the instant case, the charges arose out of two separate incidents. The first charge related to Witherspoon's failure to report to the half-way house. The second charge related to Witherspoon leaving the half-way house after being transported there by officers. Therefore, separate conduct supports the two separate charges. Accordingly, Witherspoon's third assigned error is overruled.
 Judgment affirmed. *Page 12 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS; SEAN C. GALLAGHER, P.J., CONCURS ON THE FIRST AND SECOND ASSIGNED ERRORS; AND CONCURS IN JUDGMENT ONLY ON THE THIRD ASSIGNED ERROR.
[1] Witherspoon does not appeal the drug possession conviction or sentence.
[2] Cf. State v. Mullins, 12th Dist. No. CA2007-01-028,2008-Ohio-1995; State v. North, 9th Dist. No. 06CA009063,2007-Ohio-5383; State v. Thompson, Cuyahoga App. No. 82937,2003-Ohio-7070; State v. Mickey (Apr. 5, 2001), Cuyahoga App. No. 77889.
[3] Tr. 8.
[4] Tr. 11.
[5] 111 Ohio St.3d 425, 2006-Ohio-5082.
[6] Id. at ¶ 51.
[7] Id. at ¶ 52.
[8] Cuyahoga App. Nos. 86426 and 86427, 2007-Ohio-2221.
[9] State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509.
[10] 104 Ohio St.3d 21, 2004-Ohio-6085.
[11] State v. Mullins, 12th Dist. No. CA2007-01-028,2008-Ohio-1995; State v. Susany, 7th Dist. No. 07 MA 7,2008-Ohio-1543.
[12] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[13] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[14] Id. at paragraph two of syllabus.
[15] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[16] 109 Ohio St.3d 1, 2006-Ohio-856.
[17] R.C. 2929.14(A)(3).
[18] 97 Ohio St.3d 398, 2002-Ohio-6661. *Page 1