OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Michael E. Bailey, filed October 18, 2007. Bailey was initially charged in three separate cases in the Clark County Court of Common Pleas as follows. In Case No. 2006-CR-1447, Bailey was indicted on eight counts of felonious assault, in violation of R.C. 2903.11(A)(2), with each count including a firearm and repeat *Page 2 
violent offender specification; one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2); and one count of vandalism, in violation of R.C. 2909.05(B)(1)(b), also with a firearm specification. In Case No. 2007-CR-0366, Bailey was indicted on one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), with a firearm specification; one count of carrying concealed weapons, in violation of R.C. 2923.12(A)(2); one count of having weapons while under disability; one count of illegal possession of a firearm in liquor permit premises, in violation of R.C. 2923.121(A), with a firearm specification and a repeat violent offender specification, and one count of obstructing official business, in violation of R.C. 2921.31(A), with a firearm specification. In 2007-CR-0661, Bailey was indicted on one count of attempted murder, in violation of R.C. 2923.02, with a firearm specification; one count of felonious assault, with a firearm specification; and one count of having weapons while under disability. Bailey entered pleas of not guilty in all cases.
 {¶ 2} On September 12, 2007, Bailey pled guilty to one count of felonious assault with a firearm specification, in Case No. 2006-CR-1447, a felony of the second degree, and one count of having weapons while under disability, in Case. No. 2007-CR-0366, a felony of the third degree. The State dismissed all remaining charges and specifications. On October 2, 2007, the trial court sentenced Bailey to eight years for felonious assault plus a three year mandatory sentence for the gun specification, and to five years for the weapons under disability offense, all to be served consecutively, for a total sentence of 16 years.
 {¶ 3} Bailey asserts two assignments of error. His first assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM CONSECUTIVE PRISON SENTENCE OF SIXTEEN YEARS FOR THE OFFENSES TO WHICH HE PLED GUILTY." *Page 3 
 {¶ 5} Our resolution of Bailey's second assignment of error renders analysis of his first assignment of error moot. Bailey's second assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED BY FAILING TO INFORM APPELLANT AS PART OF HIS SENTENCE AT THE SENTENCING HEARING OF THE PENALTIES HE FACED FOR VIOLATING POST-RELEASE CONTROL AS REQUIRED BY R.C. 2929.19(B)(3)(c), (d) AND (e)."
 {¶ 7} At sentencing, the trial court advised Bailey as follows: "* * * I am going to order that in 06-CR-1447, that the defendant be sentenced to a term of eight years in the Ohio State penitentiary for the felonious assault plus the three years for the gun specification so that'll be an 11-year sentence.
 {¶ 8} "In 07-CR-366, the Court will impose a five-year sentence in the Ohio State penitentiary. I'll also order that the defendant serve three years of mandatory Post Release Control and court costs. Those sentences will run consecutively for a total sentence of 16 years in the Ohio State penitentiary."
 {¶ 9} Bailey acknowledges in his brief that the trial court orally advised Bailey of the penalties for violating the conditions of postrelease control at Bailey's plea hearing, and the information was also provided to Bailey in the plea agreement form that Bailey signed. The Judgment Entries of Conviction provide, "The Court has further notified the defendant that postrelease control is mandatory in this case for a period of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."
 {¶ 10} The State argues that any error in notification by the trial court, at the sentencing *Page 4 
hearing, regarding the consequences of violating postrelease control is harmless.
 {¶ 11} R.C. 2967.28(B)(2) mandates that the trial court sentence Bailey to a three year term of postrelease control for the felonious assault offense. R.C. 2929.19(B)(3) provides, "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 12} * * *
 {¶ 13} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *
 {¶ 14} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(e) of this section that the parole board may impose a prison term as described in division (B)(3)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term." *Page 5 
 {¶ 15} Bailey urges us to overrule our prior precedent in State v.Williams, Montgomery App. No. 18993, 2002-Ohio-2696, in which the trial court did not orally address postrelease control at sentencing. We determined, "Nevertheless, Williams was adequately advised about post release control. The plea form which Williams signed contained information about the terms of his post release control and the potential penalty for violating it. Likewise, the trial court's sentencing/termination entry contained information about post release control. Such notification is sufficient to satisfy the requirements of R.C. 2967.28 and R.C. 2929.19(B)(3)."[1]
 {¶ 16} Research reveals that subsequent Ohio Supreme Court cases have superseded Williams. Bailey directs our attention to State v.Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864, 2004-Ohio-6085. InJordan, the Supreme Court of Ohio confronted "conflicting appellate resolutions of the situation that occurs when a trial court fails to notify an offender about postrelease control at the time of sentencing but incorporates that notice into its sentencing entry."Jordan, ¶ 1. In the one case, following a guilty verdict, the trial court did not notify the defendant at the sentencing hearing that mandatory postrelease control would be part of his sentence but included the information in its sentencing entry; the appellate court ordered that post-release control was not part of the sentence. In another case, following a plea of no contest, the court did not inform the defendant that he could be subject to discretionary postrelease control but included the information in the sentencing entry; the appellate court remanded the matter for resentencing. The Jordan Court determined, "When *Page 6 
sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." Id., ¶ 1 of the syllabus.
 {¶ 17} In reliance upon State v. Beasley (1984), 14 Ohio St.3d 74,471 N.E.2d 774, the Jordan Court found, "a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error." Id., ¶ 26. In Beasley, the defendant was subject to a mandatory sentence with an optional fine for felonious assault, and the trial court imposed only a $500 fine. The Beasley Court determined, "the trial court exceeded its authority and this sentence must be considered void."Jordan,]j 25, quoting Beasley. Applying Beasley, the Jordan Court concluded, "The court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. * * * [W]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."Jordan, ¶ 27.
 {¶ 18} Of further note is State v. Brooks (2004), 103 Ohio St.3d 134,814 N.E.2d 837, 2004-Ohio-4746, cited by Jordan. Brooks pled guilty to a felony of the fifth degree, and at the combined plea and sentencing hearing, he was informed of the maximum sentence for his offense. After his plea was accepted, Brooks was sentenced to two years of community control, his plea bargained sentence. The court did not notify Brooks that a prison term would be imposed if he violated the terms of his community control, although the court noted in a journalized entry, filed the next day, that a violation could result in "a prison term of 6 to 12 months." Id., ¶ 1. *Page 7 
 {¶ 19} Brooks later pled guilty to violating the conditions of his community control and received an eight month sentence. "At that hearing, appellant's attorney argued to the trial court that appellant could not be sentenced for this violation because the trial court at the original * * * sentencing failed to inform appellant under R.C. 2929.19(B)(5) of the `specific prison term' that may be imposed for such a violation." Id., ¶ 2. The trial court rejected this argument, and its judgment was affirmed by the Ninth District Court of Appeals. Id., ¶ 3.
 {¶ 20} Due to a conflict between appellate districts, the Supreme Court of Ohio then considered the following certified issue: "[W]hether or not R.C. 2929.15(B), second sentence, read in part materia with R.C. 2929.19(B)(5), second sentence, requires that a court sentencing a defendant to a community control sanction must, at the time of such sentencing, notify the defendant of the specific prison term it may impose for a violation of such sanction, as a prerequisite to imposing a prison term on the defendant for such a violation."[2] Id., ¶ 4. In other words, the Court considered "the extent of notification required under R.C. 2929.19(B)(5) and the point at which that notification must be given." Id., ¶ 9. *Page 8 
 {¶ 21} The Court initially held, "pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." Brooks, ¶ 15. The Court further determined, "While we recognize the statutory complexities that have caused some courts to reject a strict-compliance view of R.C. 2929.19(B)(5) as overly literal, we cannot accept a substantial compliance interpretation. The General Assembly has explicitly set forth the `specific prison term' requirement and has used the word `shall' to indicate the mandatory nature of the provision. What the statute requires is clear, although reasonable minds could differ on how important this requirement is in the grand scheme of R.C. Chapter 2929. We will not interpret such a clear statute to mean anything other than what it unmistakably states." Id., ¶ 24.
 {¶ 22} Also instructive is State v. Mullins, Butler App. No. CA2007-01-028, 2008-Ohio-1995. Mullins argued that his 12 month consecutive sentence imposed for committing a felony while on postrelease control, pursuant to R.C. 2929.141, was void because he was not informed of such a possibility when he was sentenced on his original felony conviction for receiving stolen property. Id., ¶ 6. In reliance upon Jordan, the Twelfth District noted that the trial court is required to notify the offender at sentencing about postrelease control and the potential consequences that may result from a postrelease control violation, and also that the trial court must also incorporate that notice into its entry of conviction. Id., ¶ 7. The Mullins court noted, "These requirements have been incorporated into Ohio's sentencing statute at R.C. 2929.19(B)(3)(c)-(e)." Id., ¶ 7.
 {¶ 23} In contrast, R.C. 2929.141 incorporates no such notification requirements. The Twelfth District determined, "While appellant attempts to extend the postrelease control notification requirements identified in Jordan and codified in R.C. 2929.19, he fails to point to any statutory *Page 9 
requirement that the trial court notify an offender of the implications of R.C. 2929.141." Mullins, ¶ 12. While finding no error, the Twelfth District instructed, "the better practice would be to include notification of the potential implications of R.C. 2929.141 when notifying defendants of the other potential implications of post release control * * * [and] including notification of the implications of R.C. 2929.141 avoids any claim of lack of notice and is therefore preferential." Id., ¶ 14.
 {¶ 24} We further note Watkins v. Collins (2006), 111 Ohio St.3d 425,857 N.E.2d 78, 2006-Ohio-5082, in which 12 prisoners filed a petition for a writ of mandamus, seeking release from prison. Each petitioner was subject to a mandatory term of postrelease control based upon their convictions. The language of their trial court sentencing entries, however, "mistakenly included some discretionary language concerning their terms of postrelease control." Id., ¶ 42. The majority determined that the prisoners were not entitled to release; while the sentencing entries erroneously suggested that imposition of postrelease control was discretionary, and not mandatory, the "trial court did at least notify the petitioners at their sentencing hearings that they could be subject to postrelease control." Id., ¶ 46. In other words, "the sentencing entries are sufficient to afford notice to a reasonable person that the courts were authorizing postrelease control as part of each petitioner's sentence. * * * Any challenge to the propriety of the sentencing Court's imposition of postrelease control in the entries could have been raised on appeal." Id., ¶ 51. The entries, according to the majority, also "contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control over the petitioners." Id., ¶ 53. The majority in Watkins determined, "this conclusion is consistent with the preeminent purpose of R.C. 2967.28 that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences." Id., ¶ 52.
 {¶ 25} Consistent with, and in reliance upon Jordan andBrooks, Justice Lanzinger in dissent *Page 10 
rejected the majority view "that mere substantial compliance is sufficient." Id., ¶ 57. While the dissent acknowledged that the petitioners received some, or partial notice of the possibility of postrelease control, proper notification "would have stated that postrelease control was mandatory, not just a possibility." Id.
 {¶ 26} Finally, in a recent Ohio Supreme Court case, the State moved to resentence a defendant one year before his eight year sentence was completed, because his sentencing entry did not state that the defendant was subject to postrelease control, and the Court again determined that a remand for resentencing was appropriate. State v. Simpkins (2008),117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197. The Supreme Court held, "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence."Id, syllabus.[3]
 {¶ 27} Given the Supreme Court's rejection of a substantial compliance interpretation of R.C. 2929.19(B)(3)(c) and (d) and (B)(5), inJordan and Brooks, and given the mandatory nature of R.C. 2929.19(B)(3), we cannot agree with the State that the trial court's failure to notify Bailey at the sentencing hearing of the potential penalties for violating postrelease control is harmless error. The General Assembly has precisely codified notification requirements into R.C. 2929.19(B)(3) and has used the word "shall" to indicate their mandatory nature.Brooks. As noted by both the majority in Watkins and by the Twelfth District in Mullins, the "preeminent purpose" of R.C. 2967.28 is assuring *Page 11 
defendants' knowledge, at sentencing, that their freedom may be further restricted after completion of their initial sentence. What is most severe is the restraint faced by a defendant who violates the terms of postrelease control and may be incarcerated for up to 50 percent of his original sentence.
 {¶ 28} While Mullins declined to extend Jordan to R.C. 2929.141, due to the absence of a notification requirement within that statute, we are compelled to extend Jordan to R.C. 2929.19(B)(3)(e). Although Bailey received notification of postrelease control at his plea hearing, mere substantial compliance with R.C. 2929.19(B)(3)(e) is inadequate, given the unambiguous and mandatory nature of the requirement: the sentencing court, at the sentencing hearing, shall notify the offender of the consequences of violating postrelease control.
 {¶ 29} Finally, while not raised by Bailey, we note that a review of the transcript of his sentencing hearing suggests that the trial court orally improperly imposed postrelease control for the offense of having weapons while under disability, and not for felonious assault. The trial court first imposed an eight year sentence for felonious assault, in Case No. 06-CR-1447, stating, "plus the three years for the gun specification so that'll be an 11-year sentence." Then, in Case No. 07-CR-366, the court imposed a five year sentence for having weapons while under disability, concluding, "I'll also order that the defendant serve three years of mandatory postrelease control * * *."[4]
 {¶ 30} Since the trial court failed to comply with R.C.2929.19(B)(3)(e), Bailey's sentence is vacated, and the matter is remanded for resentencing. *Page 12 
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Amy M. Smith
Marc T. Ross
Scott M. Calaway
Hon. Douglas M. Rastatter
[1] In State v. Woods, Clark App. No. 05CA0063, 2006-Ohio-2325, Woods similarly argued that the trial court failed to comply with R.C. 2929.19(B)(3), and we found it significant that the record "clearly demonstrated] that the trial court did advise Defendant about all these matters during the plea hearing," and we determined, since Woods failed to demonstrate prejudice, his assigned error lacked merit.
[2] The second sentence of R.C. 2929.15(B) provides, "* * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code." R.C. 2929.19(B)(5), second sentence, provides, "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
[3] The Simpkins decision also indicates that the grant of authority to the parole board to impose postrelease control without a court order, pursuant to 2006 Am. Sub. H.B. No. 137, has been challenged on constitutional and other grounds in a case currently pending before the Court, State v. Mosmeyer, 115 Ohio St.3d 1472, 875 N.E.2d 626,2007-Ohio-5735. Simpkins, fn. 1.
[4] As noted above, the Judgment Entry of Conviction in each case provides, "The Court has further notified the defendant that post release control is mandatory in this case for a period of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of his sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."