JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant Jerome Edwards appeals from his sentence for aggravated robbery and felonious assault. For the reasons set forth below, we affirm.
 {¶ 3} On December 31, 2007, defendant was indicted pursuant to a fourteen-count indictment which charged him with attempted murder, six counts of aggravated robbery, six counts of felonious assault, and kidnapping, all with one-year and three-year firearm specifications. He pled not guilty then later entered into a plea agreement with the state whereby the three-year firearm specifications were deleted from one count of aggravated robbery and one count of felonious assault. Defendant pled guilty to these charges and the remaining charges were dismissed. At the plea hearing, the trial court advised defendant that he would be subject to five years of postrelease control and stated that this was like parole. The court also stated that if the defendant violated the terms of postrelease control, then he could be sentenced to up to one half of his sentence.
 {¶ 4} Defendant was later sentenced to a total of twelve years of imprisonment. He now appeals and asserts, for his sole assignment of error, that his sentence is contrary to law because the record does not indicate that the court considered the required statutory factors. He also complains that the trial court did not advise him of the consequences of violating postrelease control.
 {¶ 5} This court will review a felony sentence pursuant to the two-prong *Page 4 
standard set forth in State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, 896 N.E.2d 124. The court held:
 {¶ 6} "Appellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id.
 {¶ 7} With regard to defendant's claim that the trial court did not properly consider R.C. 2929.11 and R.C. 2929.12, we recognize that the trial court must consider the factors set forth in R.C. 2929.11, 2929.12
and 2929.13. The trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors, however. State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303; State v. Avery, Cuyahoga App. No. 90233, 2008-Ohio-3975 . Where the record is silent, a presumption exits that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361.
 {¶ 8} In this matter, there is no indication that the court failed to consider the required factors.
 {¶ 9} Defendant also complains that the trial court did not advise him of the consequences of violating post-release control.
 {¶ 10} Before accepting a guilty plea, a trial court must address the defendant *Page 5 
personally and determine that he is making the plea voluntarily "with understanding of * * * the maximum penalty involved * * *." Crim.R 11(C).
 {¶ 11} Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term is imposed.State v. Crosswhite, Cuyahoga App. No. 86345, 2006-Ohio-1081. Thus, if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509,881 N.E.2d 1224.
 {¶ 12} In this matter, the record reflects that before accepting the guilty plea, the trial court informed defendant that he would be sentenced to five years of postrelease control, that it was like parole, and that if he violated the terms of postrelease control, defendant could be sent back to prison for one half of the time. The assignment of error lacks support in the record, and is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LARRY A. JONES, J., and JAMES J. SWEENEY, J., CONCUR. *Page 1