JOURNAL ENTRY AND OPINION
ON RECONSIDERATION[1]
 {¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant Jerome Edwards appeals from his sentence for aggravated robbery and felonious assault. For the reasons set forth below, we vacate defendant's sentence and remand for resentencing, pursuant to R.C. 2953.08(G)(2)(B).
 {¶ 3} On December 31, 2007, defendant was indicted pursuant to a fourteen-count indictment that charged him with attempted murder, six counts of aggravated robbery, six counts of felonious assault, and kidnapping, all with one-year and three-year firearm specifications. He pled not guilty, then later entered into a plea agreement with the state whereby the three-year firearm specifications were deleted from one count of aggravated robbery and one count of felonious assault. Defendant pled guilty to these charges and the remaining charges were dismissed. At the plea hearing, the trial court advised defendant that he would be subject to five years of postrelease control and stated that this was like parole. The court also stated that if the defendant violated the terms of postrelease control, then he could be sentenced to up to one-half of his sentence.
 {¶ 4} Defendant was later sentenced to a total of twelve years of imprisonment. He now appeals and asserts, for his sole assignment of error, that his sentence is contrary to law because the record does not indicate that the court considered the required statutory factors. He also complains that the trial court did not advise him of the consequences of violating postrelease control. *Page 4 
 {¶ 5} This court will review a felony sentence pursuant to the two-prong standard set forth in State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, 896 N.E.2d 124. The court held:
 {¶ 6} "Appellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id.
 {¶ 7} With regard to defendant's claim that the trial court did not properly consider R.C. 2929.11 and R.C. 2929.12, we recognize that the trial court must consider the factors set forth in R.C. 2929.11, 2929.12
and 2929.13. The trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors, however. State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303; State v. Avery, Cuyahoga App. No. 90233, 2008-Ohio-3975. Where the record is silent, a presumption exists that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361.
 {¶ 8} In this matter, there is no indication that the court failed to consider the required factors.
 {¶ 9} Defendant also complains that at the sentencing hearing, the trial court did not advise him of the consequences of violating postrelease control. *Page 5 
 {¶ 10} R.C. 2929.19(B)(3) provides in relevant part as follows:
 {¶ 11} "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 12} "* * *
 {¶ 13} "(b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
 {¶ 14} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person. * * *.
 {¶ 15} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section. * * *
 {¶ 16} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 [2967.13.1] of *Page 6 
the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. ***."
 {¶ 17} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 8372, the Supreme Court construed the mandatory requirements of R.C. 2929.19(B)(5), and stated, "a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing."
 {¶ 18} The Court explained:
 {¶ 19} "While we recognize the statutory complexities that have caused some courts to reject a strict-compliance view of R.C. 2929.19(B)(5) as overly literal, we cannot accept a substantial compliance interpretation. The General Assembly has explicitly set forth the `specific prison term' requirement and has used the word `shall' to indicate the mandatory nature of the provision. What the statute requires is clear, although reasonable minds could differ on how important this requirement is in the grand scheme of R.C. Chapter 2929. We will not interpret such a clear statute to mean anything other than what it unmistakably states." Id.
 {¶ 20} Similarly, in State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, 884 N.E.2d 568, the Supreme Court held, "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the *Page 7 
defendant unless the defendant has completed his sentence." Id., syllabus.
 {¶ 21} In light of these decisions, the trial court must properly inform the defendant of postrelease control at the sentencing hearing, even if it has already done so during the plea proceedings. SeeState v. Bailey, Clark App. No. 2007 CA 121, 2008-Ohio-5357. InBailey, the court held that even where the trial court provided the defendant with notice of postrelease control during the plea proceeding, it could not apply a substantial compliance analysis to the claim of defective notification at the sentencing hearing, in light of the mandatory nature of the required notices.
 {¶ 22} In this matter, the record reflects that the trial court informed the defendant of postrelease control during the plea proceedings. The record reflects that before accepting the guilty plea, the trial court informed defendant that he would be sentenced to five years of postrelease control, that it was like parole, and that if he violated the terms of postrelease control, defendant could be sent back to prison for one-half of the sentence time.
 {¶ 23} The record further reflects, however, that during the sentencing hearing, the trial court simply stated that defendant would be subject to postrelease control, which was reducible at the discretion of the parole board. This notification has been deemed to insufficiently apprise the defendant of the penalties for violating postrelease control. See State v. Cook, Cuyahoga App. No. 90487, 2008-Ohio-4246.
 {¶ 24} In light of the foregoing, the defendant's sentence is hereby vacated and *Page 8 
the matter is remanded for resentencing.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LARRY A. JONES, J., and JAMES J. SWEENEY, J., CONCUR.
[1] The original announcement of decision, State v. JeromeEdwards, Cuyahoga App. No. 92128, 2009-Ohio-1256, released March 19, 2009, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App. R. 22(C); see, also, S.Ct.Prac. R. II, Section 2(A)(1). *Page 1