[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cornwall v. Sutula,* Slip Opinion No. 2016-Ohio-7652.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7652

THE STATE EX REL. CORNWALL, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cornwall v. Sutula,* Slip Opinion No. 2016-Ohio-7652.]**

*Mandamus—Appellant had adequate remedy in ordinary course of law by way of appeal of sentence for postrelease-control violation—Court of appeals' judgment denying writ affirmed.*

(No. 2015-1984—Submitted July 12, 2016—Decided November 9, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 103322, 2015-Ohio-4704.

_____

**Per Curiam.**

{¶ 1} We affirm the Eighth District Court of Appeals' denial of the complaint for a writ of mandamus filed by appellant, Melborn Cornwall. Cornwall seeks a writ ordering appellee, Cuyahoga County Court of Common Pleas Judge Kathleen A. Sutula, to vacate his sentence for violating the terms of his postrelease

control, because he asserts that he should have been advised of the possibility of this sentence at his prior sentencing.

{¶ 2} Cornwall raises an important issue about which there is a split in the appellate districts. However, Cornwall had adequate remedies in the ordinary course of the law by way of appeal. We therefore affirm the judgment of the court of appeals on different grounds.

*Facts*

{¶ 3} After pleading guilty to gross sexual imposition in violation of R.C. 2907.05(A)(1) with a sexually-violent-predator specification, Cornwall was sentenced to 16 months of imprisonment in February 2011. In addition, the trial court imposed five years of mandatory postrelease control on Cornwall.

{¶ 4} In May 2014, after pleading guilty to attempted failure to provide notice of change of address in violation of R.C. 2923.02 and 2950.05(F), Cornwall was sentenced to one year in prison for that crime. The trial court also imposed a prison term for the remainder of the period of postrelease control that Cornwall was serving for the gross-sexual-imposition conviction. This two-and-a-half-year term was to be served consecutively to the one-year term for the attempted violation of R.C. 2950.05(F).

{¶ 5} Cornwall did not appeal because, he alleges, he was unaware of his right to do so. Instead, he filed a "motion to correct void sentence," arguing that the two-and-a-half-year consecutive sentence for violating postrelease control exceeded the range authorized by R.C. 2967.28(F)(2). The trial court denied the motion.

{¶ 6} Cornwall then filed a complaint for a writ of mandamus in the Eighth District Court of Appeals. He argued that he had not been advised at his sentencing in the gross-sexual-imposition case that if he committed a new felony while on postrelease control, a trial court could impose a prison term under R.C. 2929.141(A) for violating the terms of his postrelease control in addition to any

2

prison term for the new felony. He requested a writ ordering Judge Sutula to "terminate" the sentence imposed for the postrelease-control violation.

{¶ 7} Judge Sutula filed a motion for summary judgment, which the Eighth District Court of Appeals granted. Cornwall appealed.

*Analysis*

{¶ 8} To be entitled to a writ of mandamus, Cornwall must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Sutula to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Cornwall must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 9} Cornwall has identified an interesting issue, that is, whether a court that sentences a defendant to postrelease control is obligated to inform the defendant of the potential consequences under R.C. 2929.141(A) of violating the terms of the postrelease control. Under R.C. 2929.141(A)(1), if a convict commits a felony while on postrelease control, the trial court may terminate postrelease control and impose a prison term for the postrelease-control violation, to be served consecutively to any prison term imposed for the new felony.

{¶ 10} The appellate districts are apparently split on this issue. The Fourth District holds that such a sentence is prohibited in the later case if no notice of the potential consequences under R.C. 2929.141(A) was given in the earlier case. *State v. Pippen*, 4th Dist. Scioto No. 14CA3595, 2014-Ohio-4454; *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830, ¶ 20. On the other hand, the Eighth, Seventh, and Twelfth districts have held the other way, that is, that the mandatory notifications for postrelease control under R.C. 2929.19(B) do not extend to R.C. 2929.141. *State v. Bybee*, 2015-Ohio-878, 28 N.E.2d 149 (8th Dist.); *State v. Witherspoon*, 8th Dist. Cuyahoga No. 90498, 2008-Ohio-4092, ¶ 17-19; *State v.*

*Mullins*, 12th Dist. Butler No. CA2007-01-028, 2008-Ohio-1995, ¶ 12-13; *State v. Susany*, 7th Dist. Mahoning No. 07 MA 7, 2008-Ohio-1543, ¶ 84-95.

**{¶ 11}** In this case, the court of appeals followed Eighth District precedent and granted Judge Sutula's motion for summary judgment. The court held that the failure to notify a defendant of the possibility of a separate prison term under R.C. 2929.141 for a violation of the terms of postrelease control does not render the trial court without authority to impose such a sentence in a subsequent case. Accordingly, the court concluded that there was no clear legal duty to vacate Cornwall's sentence for his postrelease-control violation.

**{¶ 12}** Cornwall admits in his brief that he failed to appeal his sentence for the postrelease-control violation and that he filed a motion to vacate the sentence on other grounds. Judge Sutula denied that motion, and Cornwall apparently failed to appeal. Because appeals from these rulings were adequate available remedies, Cornwall is not entitled to a writ of mandamus. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12 ("An appeal is an adequate remedy in the ordinary course of law that precludes an action for mandamus or procedendo"), citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997), and *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

**{¶ 13}** Because Cornwall had an adequate remedy in the ordinary course of the law, a writ of mandamus is unavailable and we need not reach the merits of the R.C. 2929.141 issue.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Melborn Cornwall, pro se.

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____