JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Townsend, Cuyahoga County Court of Common Pleas Case No. CR-443923, applicant was convicted of two counts of trafficking in drugs with major drug offender specifications as well as possession of drugs with a major drug offender specification. This court affirmed that judgment in State v. Townsend, Cuyahoga App. No. 88065, 2007-Ohio-2370. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Townsend, 115 Ohio St.3d 1442, 2007-Ohio-5567,875 N.E.2d 103.
 {¶ 2} Townsend has filed with the clerk of this court a timely application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error: the state's failure to prove that the substance was crack cocaine; prosecutorial misconduct; evidence of out-of-court statements by an informant; the absence of probable cause for Townsend's being investigated; and the ineffectiveness of trial counsel. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Applicant's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v.Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel *Page 4 
in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} This court has previously held that res judicata bars reopening when new counsel represents an applicant in an appeal to the Supreme Court of Ohio. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752, at 3-4. The Office of the Ohio Public Defender represented Townsend before the Supreme Court, although other counsel had represented him before the trial court and on direct appeal to this court. As noted above, the Supreme Court denied leave to appeal and dismissed the appeal. Because the Supreme Court of Ohio dismissed applicant's appeal, res judicata bars further review of the claim of ineffective assistance of counsel. Kaszas, supra, at 4.
 {¶ 5} Additionally, on direct appeal, this court granted Townsend leave to file a pro se supplemental brief as well as an extension of time to file his supplemental brief. Ultimately, Townsend filed a supplemental brief, without permission of the court, which was six pages over the page limit and 43 days late. This court issued an order striking the pro se supplemental brief. "Applicant's failure to file a conforming brief does not eliminate the applicability of the doctrine of res judicata." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 4 (After this court issued an order striking Kelly's pro se brief "for failure to comply, inter alia, with App.R. 16 and 19 regarding *Page 5 
the form of briefs," Kelly never filed a conforming brief. Id. at 3.) See also State v. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 80441 (After this court granted Williams leave to file a pro se supplemental brief, he "filed nothing." Id. at 2.) In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 6} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot *Page 6 
satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 7} In his first proposed assignment of error, Townsend contends that the state failed to prove that what he was convicted of possessing was actually crack cocaine. R.C. 2925.21 permits the use of a properly authenticated laboratory report as "prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance." R.C. 2925.21(A). Townsend argues that the state failed to prove that he possessed a controlled substance because such a report was not entered into evidence.
 {¶ 8} Townsend ignores, however, that the state identified three laboratory reports in its response to request for discovery filed April 13, 2004. Additionally, a chemist employed by the forensic laboratory of the Division of Police of the City of Cleveland testified at trial regarding tests of the substances introduced into evidence. Townsend does not provide this court with any controlling authority requiring the introduction into evidence of a laboratory report when a qualified witness testifies regarding tests of the substance. Although Townsend cites State v. Adkisson, Cuyahoga App. No. 81329, 2003-Ohio-3322, in that case there was no testimony or other evidence about a laboratory test. Rather, a police officer performed a field test. We cannot conclude, therefore, that Townsend would have had a reasonable probability of being successful on appeal if appellate counsel had argued Townsend's first proposed assignment of error. *Page 7 
 {¶ 9} In his second proposed assignment of error, Townsend complains that prosecutorial misconduct contributed to his conviction. He contends that the state: elicited perjurious testimony from a detective; failed to introduce witness statements into evidence; and erroneously stated in opening statement and closing argument that Townsend "cooked" cocaine powder into crack cocaine despite no evidence that he had been seen "cooking" the powder. Our review of the transcript reflects that, at best, Townsend's complaints about the detective's testimony and the prosecutor's remarks are a consequence of taking those statements out of context. Additionally, Townsend's contention that the state had a duty to introduce witness statements into evidence is not cited by any controlling authority. In fact, the case he cites is a civil case.
 {¶ 10} On direct appeal, Townsend's appellate counsel argued that the verdict was against the manifest weight of the evidence. This court observed, however, that "given the overwhelming strength of the state's case * * *, [w]e have no basis for finding that the jury lost its way by finding appellant guilty." State v. Townsend, Cuyahoga App. No. 88065,2007-Ohio-2370, at ¶ 13. In light of the nature of Townsend's assertions and the "overwhelming strength of the state's case," we cannot conclude that Townsend has demonstrated that the record reflects that there is a genuine issue of ineffective assistance of appellate counsel because appellate counsel did not assert an assignment of error based on prosecutorial misconduct. "See generally State v. Jackson (2001),92 Ohio St.3d 436, 442, 2001-Ohio-1266, 751 N.E.2d 946 (test of prosecutorial misconduct is whether challenged action *Page 8 
deprives defendant of a fair trial)." State v. Mundt, 115 Ohio St.3d 22,2007-Ohio-4836, 873 N.E.2d 828, at ¶ 103. As a consequence, Townsend's second proposed assignment of error does not provide a basis for reopening.
 {¶ 11} In his third proposed assignment of error, Townsend argues that appellate counsel was ineffective for failing to assign as error that Townsend's right to confront a witness was violated because a detective was permitted to testify as to statements made to the detective by a confidential informant. `"It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed. * * * The testimony was properly admitted for this purpose.' State v.Thomas (1980), 61 Ohio St.2d 223, 400 N.E.2d 401; State v. Jenkins, Cuyahoga App. No. 87606, 2006-Ohio-6421." State v. Guyton, Cuyahoga App. No. 88423, 2007-Ohio-2513, at ¶ 17. Clearly, the statements of the informant were admitted to explain the steps taken by the police to investigate Townsend's activities. As a consequence, Townsend's third proposed assignment of error does not provide a basis for reopening.
 {¶ 12} In his fourth proposed assignment of error, Townsend contends that the police improperly arrested him because they "failed to secure an affidavit of [sic] affirmation for probable cause to why appellant is being investigated, plus reason for search and seizure." Application, at 9. On direct appeal, this court summarized the steps taken to set up a controlled buy with an informant who was equipped with a *Page 9 
radio. "Once the informant actually saw the drugs, he would give a prearranged signal for the officers to move in for an arrest.
 {¶ 13} "The evidence showed that the police and the informant were stationed near the parking lot of a bar — the prearranged site for the deal. Appellant left his house in the company of codefendant Demetrius Thompson. Thompson earlier pleaded guilty to drug charges stemming from this incident, acknowledging that he trafficked in drugs and sold appellant cocaine in powder form. He said that he accompanied appellant on `some business [appellant had] to take care of.' Thompson understood this to mean that appellant had a drug transaction to make. The two drove to the bar and parked in the parking lot. Thompson left the car and entered the bar. Appellant exited the car and approached the informant. After some conversation, the two entered appellant's car. The police continued to monitor the situation by radio until they heard the informant give the officers the prearranged signal." Townsend, Cuyahoga App. No. 88065, supra, at ?2-3.
 {¶ 14} Once again, Townsend does not cite any controlling authority requiring the police to secure a warrant before they arrest an individual whom they have observed committing a felony. "Probable cause for a warrantless arrest requires that the arresting officer, at the time of the arrest, possess sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed. Gerstein v. Pugh (1975), 420 U.S. 103,111-112, 95 S.Ct. 854, 43 L.Ed.2d 54; Beck v. Ohio (1964), 379 U.S. 89,91, 85 S.Ct. 223, 13 L.Ed.2d 142. In determining whether probable cause existed, we examine the *Page 10 
`totality' of facts and circumstances surrounding the arrest. SeeState v. Homan (2000), 89 Ohio St.3d 421, 427, 2000-Ohio-212,732 N.E.2d 952." State v. Elmore, 111 Ohio St.3d 515, 2006-Ohio-6207,857 N.E.2d 547, at 4|39. See also R.C. 2935.04, quoted in Elmore, at 4|38, authorizing arrest of a person if there is reasonable cause to believe that the person has committed a felony. Townsend has not demonstrated that there is a genuine issue of ineffective assistance of appellate counsel because appellate counsel did not assert an assignment of error based on Townsend's having been arrested without a warrant. Townsend's fourth proposed assignment of error, therefore, does not provide a basis for reopening.
 {¶ 15} In his fifth proposed assignment of error, Townsend argues that appellate counsel was ineffective for failing to assign as error that trial counsel was ineffective because: trial counsel did not file a motion to suppress evidence acquired by the police without a warrant; and trial counsel did not object to the court's jury instruction regarding the major drug offender specification. Townsend asserts that trial counsel should have moved to suppress some of the evidence because the police had not secured an interception warrant under R.C. 2933.51, et seq. (presumably, with respect to the use of a radio to transmit his conversation with the police.)
 {¶ 16} He has not, however, demonstrated that the circumstances in this case are among those requiring a warrant. In State v. Slone, Montgomery App. No. 18922, 2002-Ohio-4119, the police put a "wire" on a victim who complained to police that the defendant had "groped" her. TheSlone court concluded that R.C. 2933.51 *Page 11 
and 2933.52 "prohibit interception in Ohio of a `wire communication' by a person who is not a party to it, except a police officer who has been given permission by one of the parties to the communication to intercept it. Those provisions do not prohibit electronic interception of a form of communication that is not a `wire communication,' as that is defined. That definition of a wire communication does not include a face-to-face conversation between persons." Id. at ¶ 12. In this case, the informant wore a "wire" and the police were able to listen to the face-to-face conversation between Townsend and the informant.
 {¶ 17} Similarly, Townsend's contention that appellate counsel should have challenged the jury instruction on major drug offender does not provide a basis for reopening. That is, the jury found Townsend guilty of two counts of trafficking in drugs and specifically found that the amount of crack cocaine exceeded 100 grams. Tr. at 357-358. The jury's finding required the trial court to impose a ten-year sentence, as it did in this case. Cf. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at 4|71, et seq. Townsend has not, therefore, demonstrated any prejudice by the absence of an assignment of error asserting the ineffective assistance of trial counsel. As a consequence, Townsend has not met the standard for reopening.
 {¶ 18} Accordingly, the application for reopening is denied.
SEAN C. GALLAGHER, JUDGE FRANK D. CELEBREZZE, JR., A.J., and *Page 12 
MARY EILEEN KILBANE, J., CONCUR. *Page 1