[Cite as *State v. Townsend*, 2012-Ohio-496.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97214**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARLON TOWNSEND

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-443923

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**FOR APPELLANT**

Marlon Townsend, pro se
Inmate No. 502-596
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, OH 44030

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Marlon Townsend, pro se, appeals the trial court's judgment denying his motion to vacate a void sentence.  Because the issue is barred by the doctrine of res judicata, we affirm.

## I.   Procedural History

{¶ 2}  In February 2006, Townsend was convicted of two counts of drug trafficking and one count of possession of drugs, all counts carrying a major drug

offender specification. The trial court sentenced him to a ten-year prison term on each count, and ordered the terms to run concurrently with each other and the prison terms imposed in two other cases.

{¶ 3} This court affirmed Townsend's convictions on appeal. *State v. Townsend*, 8th Dist. No. 88065, 2007-Ohio-2370, 2007 WL 1445951. The Supreme Court of Ohio denied Townsend's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Townsend*, 115 Ohio St.3d 1442, 2007-Ohio-5567, 875 N.E.2d 103. This court subsequently denied Townsend's application for reopening. *State v. Townsend*, 8th Dist. No. 88065, 2007-Ohio-6638, 2007 WL 4340866.

{¶ 4} In January 2010, Townsend filed a motion to vacate a void judgment, which the trial court denied. This court affirmed the trial court's denial of Townsend's motion. *State v. Townsend*, 8th Dist. No. 94754, 2010-Ohio-5147, 2010 WL 4181612.

{¶ 5} On June 23, 2011, Townsend filed a motion to vacate a void sentence, which the trial court subsequently denied. Townsend now appeals from the trial court's judgment denying the motion to vacate a void sentence.

## II. Allied Offenses

{¶ 6} Townsend argues on appeal that the trial court erred in denying his motion to vacate a void sentence because drug trafficking and drug possession are allied offenses that should have merged for sentencing and, therefore, the trial court erred in imposing a

sentence on each count. Townsend's argument is barred by res judicata, however, because he did not raise the issue on direct appeal.

{¶ 7} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue. *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, 2011 WL 578564, ¶ 13 ("[T]he question of whether the verdicts on all counts can be used to support separate convictions for all offenses charged is decided by the trial court prior to its determination of a defendant's sentence. Thus, we now consider the issue settled and hold that the time to challenge a conviction based on allied offenses is through a direct appeal * * *.").

{¶ 8} Consequently, where a defendant has not raised the issue on direct appeal, this court has rejected subsequent claims of improper sentencing on allied offenses as barred by res judicata. *See, e.g., State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, 2011 WL 676167, ¶ 11 ("Because [defendant] failed to raise on direct appeal from his conviction the issue concerning whether the offenses challenged herein are allied offenses of similar import subject to merger, we find that the issue is barred by the doctrine of res judicata."); *State v. Padgett*, 8th Dist. No. 95065, 2011-Ohio-1927, 2011 WL 1584084, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars the

convicted defendant from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. * * * [T]he proper avenue for appellant's merger challenge would have been a direct appeal from his 1999 sentencing."). *See also State v. Woods*, 8th Dist. No. 96487, 2011-Ohio-5825, 2011 WL 5506095; *State v. Franklin*, 8th Dist. No. 95991, 2011-Ohio-4953, 2011 WL 4485925; *State v. Ballou*, 8th Dist. No. 95733, 2011-Ohio-2925, 2011 WL 2436504.

**{¶ 9}** Here, Townsend argued on direct appeal that the evidence was not sufficient to support his convictions and that the verdict was against the manifest weight of the evidence. He raised no issue regarding his sentence or allied offenses. Accordingly, any argument with respect to allied offenses is barred by the doctrine of res judicata. Thus, the court did not err in denying Townsend's motion to vacate a void sentence and his assignment of error is overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR