[Cite as *State v. Hickman*, 2012-Ohio-3050.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| THOMAS T. HICKMAN | : | Case No. 11-CA-134 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                           Case No. 09CR332



JUDGMENT:                                       Affirmed



DATE OF JUDGMENT ENTRY:          June 29, 2012



APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

BRIAN T. WALTZ                            THOMAS HICKMAN, PRO SE
20 South Second Street                   Inmate #618258
4th Floor                                           Chillicothe Correctional Institution
Newark, OH  43055                        P.O. Box 5500
                                                          Chillicothe, OH  45601

*Farmer, J.*

{¶1} On July 17, 2009, the Licking County Grand Jury indicted appellant, Thomas Hickman, on one count of felony fleeing in violation of R.C. 2921.331, three counts of possession of drugs in violation of R.C. 2925.11, and one count of tampering with evidence in violation of R.C. 2921.12.

{¶2} On December 7, 2009, appellant pled no contest to the felony fleeing count and guilty to the possession counts, and the tampering count was dismissed. By judgment entry filed same date, the trial court found appellant guilty of the felony fleeing count and sentenced him to an aggregate term of three years and ten months in prison, plus an additional twenty-five months of postrelease control time from a prior case.

{¶3} On November 22, 2011, appellant filed a petition to modify and/or reduce sentences. By judgment entry filed November 30, 2011, the trial court denied the petition.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRORED (SIC) BY NOT RECOGNIZING THE DEFENDANT'S PETITION TO MODIFY AND/OR REDUCE SENTENCES AS PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA UNDER CRIM.R. 32.1 BECAUSE DEFENDANT WAS GIVEN A VOID OR VOIDABLE SENTENCE IT SHOULD HAVE BEEN CONSIDERED A NULLITY AND BEEN VACATED AND DEFENDANT SUBSEQUENTLY RESENTENCED."

II

{¶6}  "THE TRIAL COURT ERRORED (SIC) AND ABUSED ITS DISCRETION BY REFUSING TO CORRECT A PLAIN ERROR THAT OCCURRED AT SENTENCING WHERE APPELLANT WAS GIVEN CONSECUTIVE SENTENCES ON ALLIED OFFENSES OF SIMILAR IMPORT THAT SHOULD HAVE BEEN MERGED."

III

{¶7}  "THE TRIAL COURT ERRORED (SIC) AND ABUSED ITS DISCRETION WHEN IT ARBITRARILY DISMISSED THE DEFENDANT'S PETITION TO CORRECT PLAIN ERROR, WITHOUT A HEARING AND WITHOUT RULING UPON THE ISSUES PRESENTED IN THE PETITION TO CORRECT PLAIN ERROR, BY ESSENTIALLY INVOKING THE DOCTRINE OF RES JUDICATA WHEN IN FACT THE DOCTRINE OF RES JUDICATA IS NOT APPLICABLE TO CLAIMS OF PLAIN ERROR BROUGHT TO THE COURT UNDER CRIM.R. 52(B)."

I

{¶8}  Appellant claims the trial court erred in not recognizing his petition to modify and/or reduce sentences as a motion to withdraw his pleas under Crim.R. 32.1. We disagree.

{¶9}  Nowhere in his petition did appellant allude to withdrawing his pleas.

{¶10}  In his appellate brief, appellant argues the trial court should have treated his petition as a motion to withdraw his pleas because his sentences were void or voidable as they were erroneously ordered to be served consecutively.  In support of his argument, appellant cites this court to *State v. Boswell,* 121 Ohio St.3d 575, 2009-Ohio-

1577. The *Boswell* case involved void sentences for failure to include postrelease control. Appellant's case did not involve the failure to impose postrelease control.

{¶11} Upon review, we find the trial court did not err in not recognizing appellant's petition to modify and/or reduce sentences as a motion to withdraw his pleas under Crim.R. 32.1.

{¶12} Assignment of Error I is denied.

II

{¶13} Appellant claims the trial court erred in not merging two of the possession counts and sentencing him to consecutive sentences.

{¶14} Appellant was charged with three counts of possessing drugs, one for heroin, one for cocaine, and one for marijuana. In his petition to modify and/or reduce sentence, appellant argued because he consumed a compound mixture of heroin and cocaine called a "speedball," he did not intend to commit more than one crime and there was not a separate animus for both offenses; therefore these two possession counts were allied offenses of similar import and they should have been merged for sentencing purposes. Appellant also argued the length of his sentences were severe.

{¶15} We note appellant did not attach any supporting affidavits to his petition. Blood and urine samples taken from appellant after his arrest indicated he had consumed heroin, cocaine, and marijuana. December 7, 2009 T. at 10.

{¶16} Appellant never filed a direct appeal of his convictions. Although appellant did file an appeal on January 15, 2010, this court dismissed the appeal for want of jurisdiction. *State v. Hickman,* Licking App. No. 2010-CA-11, 2010-Ohio-4445. Appellant did not pursue any further appeals.

{¶17} As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

{¶18} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

{¶19} Appellant never challenged the failure to merge his offenses due to allied offenses of similar import or the severity of his sentences on direct appeal. Nothing precluded appellant from pursuing these arguments on direct appeal.

{¶20} As for appellant's arguments regarding plain error, appellant "cannot employ the plain error rule to circumvent the doctrine of res judicata." *State v. Evans* (May 16, 1990), Lorain App. No. 89CA004587.

{¶21} Further, any challenges to the consecutive nature of his sentences pursuant to H.B. No. 86 are improper, as appellant was sentenced on December 7, 2009 and H.B. No. 86 became effective on September 30, 2010. H.B. No. 86 is not to be applied retroactively. *State v. Fields,* Muskingum App. No. CT11-0037, 2011-Ohio-6044, ¶9-11.

{¶22} Assignment of Error II is denied.

III

{¶23} Appellant claims the trial court erred in denying his petition without a hearing and invoking the doctrine of res judicata. We disagree.

{¶24} R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states the following in pertinent part:

{¶25} "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.***If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."

{¶26} The trial court denied appellant's petition without hearing, finding "the defendant was sentenced December 7, 2009 and the defendant indeed prosecuted an appeal. These issues could have or were raised on appeal." Judgment Entry filed November 30, 2011.

{¶27} While the trial court did not make specific findings of fact and conclusions of law per se, the trial court clearly stated its reasoning for denying the petition. As per our decision in Assignment of Error II, we concur with the trial court's determination. "A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of *res judicata.*" *State v. Marcum* (July 27, 1998), Butler App. No. CA96-12-266, citing *State v. Perry,* supra.

{¶28} Upon review, we find the trial court did not err in denying appellant's petition without hearing.

{¶29} Assignment of Error III is denied.

{¶30} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman _____


_s/ John W. Wise_____


JUDGES


SGF/sg 615

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :               JUDGMENT ENTRY
                                        :
THOMAS T. HICKMAN                       :
                                        :
    Defendant-Appellant             :               CASE NO. 11-CA-134


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.  Costs to appellant.


s/ Sheila G. Farmer


 s/ William B. Hoffman


 s/ John W. Wise

JUDGES