[Cite as *State v. Currie*, 2013-Ohio-5223.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2013 CA 00155 |
| DAVID CURRIE, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  2012 CR 01066


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     November 25, 2013


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     DAVID CURRIE, JR.
PROSECUTING ATTORNEY                PRO SE
RONALD MARK CALDWELL                RICHLAND CORRECTIONAL
ASSISTANT PROSECUTOR                INSTITUTION
110 Central Plaza South, Suite 510  Post Office Box 8107
Canton, Ohio  44702-1413           Mansfield, Ohio  44901

*Wise, J.*

{¶1}    Appellant David Currie, Jr. appeals his sentence entered in the Stark County Common Pleas Court following a guilty plea.

{¶2}    Appellee is the State of Ohio.

{¶3}    This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4}    "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶5}    This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶6}    In September, 2012, Appellant David Currie, Jr. was indicted by the Stark County Grand Jury with one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree; one count of trafficking in heroin, in violation of  R.C. 2925.03(A)(2), a felony of the fourth degree per R.C. 2925.03(C)(6)(b); one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the fourth degree per R.C. 2925.11(C)(6)(b); one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree per R.C, 2925.03(C)(4)(c); and one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree per R.C. 2925.11(C)(4)(b). The charges arose from the execution of a search warrant at

Appellant's residence where police found a loaded handgun, amounts of heroin, and amounts of cocaine. Appellant admitted to police that the gun and heroin were his, that he used cocaine, and that he sold drugs from his residence.

{¶7} In December, 2012, Appellant pleaded guilty to the charges and was sentenced to twelve (12) months on each count, to be served consecutively, for an aggregate prison term of 60 months.

{¶8} In April of 2013, Appellant filed for a delayed appeal with this Court pursuant to App.R. 5(A). In the docketing statement filed contemporaneously with the delayed appeal, Appellant noted that he wanted to challenge the consecutive nature of his prison sentence, as well as the improper imposition of post-release control. This Court denied the motion for leave to file the delayed appeal.

{¶9} In July, 2013, Appellant filed a "Motion to Correct/Merge Sentence" in order to challenge his sentence. In this motion, Appellant moved the trial court to reconsider its sentence on the grounds that the drug trafficking and possession offenses should have been merged pursuant to R.C. §2941.25 (allied offenses of similar import), and that the aggregate consecutive sentence exceeded the statutory maximum per R.C. §2929.41(A), R.C.§2929.14(A)(4), and R.C.§2929.14(A)(3)(b). Appellant specifically requested that his sentence be reduced from 60 months to 3 years "as proscribed by law and agreed-to in plea negotiations." The trial court summarily overruled the motion by judgment entry, stating: "[t]he Defendant's Motion to Correct/Merge Sentence Pursuant to O.R.C. § 2929.14(A)(4) and § 2929.14(A)(3)(b) or Merge Sentences Pursuant to O.R.C. § 2941.25 is Denied."

{¶10} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶11}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED APPELLANT, DAVID CURRIE, JR. TO CONSECUTIVE 1-YEAR TERMS OF IMPRISONMENT FOR HIS TRAFFICKING AND POSSESSION COUNTS OF HEROIN, AND HIS TRAFFICKING AND POSSESSION COUNTS OF COCAINE.

**{¶12}** "II. THE TRIAL COURT FAILED TO COMPLY WITH THE MANDATORY PROVISIONS OF AM. SUB. H.B. 86, GEN ASSEM. (OHIO 2011) IN CONJUNCTION WITH R.C. 2929.14(C) WHEN IMPOSING CONSECUTIVE SENTENCES, THEREBY RENDERING APPELLANT'S SENTENCE VOID AND SUBJECT TO AUTOMATIC REMAND."

**I., II.**

**{¶13}** Appellant herein argues that his sentences should have been merged for the possession and trafficking charges and that the trial court erred in failing to make the requisite findings of fact to support the imposition of consecutive sentences.

**{¶14}** The threshold issue in this appeal is the application of res judicata.

**{¶15}** Appellant did not appeal his December 24, 2012, sentence. Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶16}** We find that res judicata bars litigation of the merger issue in this case.

{¶17} While this Court is mindful that a trial court does have jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 18–19, we also recognize that it has previously held that an error involving allied offenses does not make a sentence void, only voidable. *State v. Lee,* 1st Dist. Hamilton No. C120307, 2013–Ohio–1811, ¶ 8.

{¶18} As stated by the First District Court of Appeals, in *State v. Grant*, C-120695, 2013-Ohio-3421:

{¶19} "… we also must be mindful of the Supreme Court's repeated description of the exception to the general rule that sentencing errors are nonjurisdictional as a "narrow" one. Quite simply, if this court were to hold that an allied-offenses error renders a sentence void, it would be hard-pressed to identify any intellectually justifiable stopping point. If a sentence imposed in contravention of R.C. 2941.25 is void, the logical implication is that all statutorily-based sentencing errors render a sentence void. A criminal sentence would be subject to review indefinitely. Such a result would seriously undermine principles of res judicata, a doctrine that "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon,* 109 Ohio St.3d 176, 181, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 18."

{¶20} In *Grant*, supra, the First District found such position to be consistent with that of the other appellate districts that have addressed the issue. *See, e.g., State v. Moore,* 7th Dist. Mahoning No. 12 MA 91, 2013–Ohio–1431, ¶ 15 (holding that, because "[t]here is a fundamental difference between a void judgment and one that merely contains an alleged error," an error in merging firearm specifications "would result in

error subject to appellate review and remand for correction if necessary, rather than a void judgment which would need to be vacated"); *State v. Porter,* 6th Dist. Lucas No. L–12–1243, 2013–Ohio–1360, ¶ 12, quoting *State v. Guevara,* 6th Dist. Lucas No. L–12–1218, 2013–Ohio–728, ¶ 8 (holding that "the failure to merge allied offenses at sentencing does not render a sentence void"); *State v. Garnett,* 10th Dist. Franklin No. 12AP–594, 2013–Ohio–1210, ¶ 10, quoting *Guevara* at ¶ 8 (holding that "the failure to merge allied offenses at sentencing does not render a sentence void"); *State ex rel. Porterfield v. McKay,* 11th Dist. Trumbull No. 2012–T–0012, 2012–Ohio–5027, ¶ 17 (holding that because "R.C. 2941.25 does not set forth any mandated terms of imprisonment, any violation of its provisions regarding the merger of allied offenses would have only caused [the sentence] to be voidable, not void"); *State v. Johnson,* 9th Dist. Summit No. 26167, 2012–Ohio–4251, ¶ 7 (citing *State v. Abuhilwa,* 9th Dist. Summit No. 25300, 2010–Ohio–5997, ¶ 8, to hold that "the failure to merge allied offenses does not result in a void sentence, which could be corrected notwithstanding [defendant's] failure to raise the issue in his second post-trial motion"); *State v. Miller,* 4th Dist. Lawrence No. 11CA14, 2012–Ohio–1922, ¶ 6 (holding that defendant's "argument that the trial court should have merged his convictions under R.C. 2941.25, if meritorious, would only render the judgment voidable, not void"); *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012–Ohio–730, ¶ 9 (noting, in holding that an allied-offenses error would render sentences "voidable" and not "void," that "Defendant does not claim that his sentence is not in conformity with statutorily mandated terms, or is not

provided for by law, or even that the sentence fails to comply with the formal requirements of 2941.25").[1]

**{¶21}** For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concurs.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

JWW/d 1028

---

[1] It is also worth noting that the Ohio Supreme Court has consistently held that allied-offenses errors are nonjurisdictional and are not cognizable in habeas corpus or other extraordinary writs. *See, e.g., State ex rel. Agosto v. Gallagher,* 131 Ohio St.3d 176, 2012–Ohio–563, 962 N.E.2d 796; *State ex rel. Hudson v. Sutula,* 131 Ohio St.3d 177, 2012–Ohio–554, 962 N.E.2d 798; *Smith v. Voorhies,* 119 Ohio St.3d 345, 2008–Ohio–4479, 894 N.E.2d 44, ¶ 10.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
DAVID CURRIE, JR.                      :
                                       :
    Defendant-Appellant            :            Case No. 2013 CA 00155

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER