[Cite as *State v. Butler*, 2014-Ohio-2758.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DERRICK L. BUTLER | : | Case No. 14CA01 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2012CR0283H


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            June 20, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN C. NIEFT                             DERRICK L. BUTLER, Pro Se
38 South Park Street                      Inmate No. 632-613
Mansfield, OH  44902                      Marion Correctional Institution
                                          P.O. Box 57
                                          Marion, OH  43301

*Farmer, P.J.*

{¶1} On October 17, 2012, appellant, Derrick Butler, pled guilty to one count of conspiracy in violation of R.C. 2923.01, two counts of aiding and abetting aggravated burglary in violation of R.C. 2911.11, one count of aiding and abetting aggravated robbery in violation of R.C. 2911.01, one count of aiding and abetting kidnapping in violation of R.C. 2905.01, one count of obstructing justice in violation of R.C. 2921.32, and one count of tampering with evidence in violation of R.C. 2921.12. By sentencing entry filed October 18, 2012, the trial court sentenced appellant to an aggregate term of six years in prison. Appellant did not file an appeal.

{¶2} On December 9, 2013, appellant filed a motion for allied offense determination, claiming the trial court failed to issue a determination on the issue, and failed to inform him of any consequences of violating post-release control. By judgment entry filed December 23, 2013, the trial court denied the motion.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "WHETHER THE FAILURE TO PROPERLY NOTIFY APPELLANT THAT A VIOLATION OF A POSTRELEASE CONTROL SANCTION WOULD RESULT IN A NEW PRISON TERM OF UP TO NINE MONTHS IN DURATION, O.R.C. § 2943.032(E), RENDERS THAT PORTION OF THE SENTENCE A NULLITY AND VOID. SEE: STATE V. BAILEY, 2008 WL 4598753, 2008 OHIO 5357; AND, O.R.C. § 2929.19(B)(3)(e)."

II

{¶5}   "WHETHER A TRIAL COURT'S DISREGARD FOR THE 'STATUTORY REQUIREMENTS' OF: O.R.C. § 2941.25(A) IMPLICATES DUE PROCESS AND RENDERS THE RESULTING JUDGMENT VOID AB INITIO.  SEE: BROWN V. OHIO, 432 U.S. 161, 165."

{¶6}   This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, states the following:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶7}   This appeal shall be considered in accordance with the aforementioned rule.

I

{¶8}   Appellant claims the trial court erred in failing to inform him that a violation of a post-release control sanction would result in a new prison sentence of up to nine months pursuant to R.C. 2943.032.  We disagree.

{¶9}   R.C. 2943.032 states the following:

Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months.

{¶10} During the plea colloquy between the trial court and appellant on October 17, 2012, the trial court informed appellant of the following (T. at 12-13):

THE COURT: Okay. Before we go any further, there's two concepts that you must understand so that we can talk about punishment realistically. One of them is post-release control. The other one is community control.***

Now, post-release control is a real kick. It's a real kick. You can go to prison and do every minute of your sentence and then be placed on post-release control. If you violate post-release control rules, you can go back to do up to one half the time you've already done.

Using an example that's going to be very important here is this gentleman here that's pleading guilty to felonies and we agreed to a six year sentence, but he's got five years post-release control. Once he's completed that six year sentence, he's going to be on post-release control for five years. And if he violates post-release control rules, he can go back to the institution to do up to three more years.

How it's ordinarily done, a person on PRC violates the rules, gets a penalty, and goes back to prison one, two, three, four, maybe up to nine months. They'll get out again, violate again, go back again.

{¶11} Appellant said he understood the concept of post-release control. T. at 14. Prior to accepting appellant's guilty pleas, the trial court informed him that he would be subject to mandatory five years post-release control. T. at 16. The trial court informed him again during sentencing. T. at 21. The sentencing entry filed October 18, 2013 includes the notification of mandatory five years post-release control, and any violations "could result in additional prison time up to 50% of this sentence."

{¶12} The trial court clearly informed appellant of the consequences of violating post-release control, and specifically stated a violator "gets a penalty, and goes back to prison one, two, three, four, maybe up to nine months."

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims the trial court erred in failing to make a determination on the issue of allied offenses. We disagree.

{¶15} Appellant did not file an appeal of his sentence. We find the arguments herein to be res judicata pursuant to the well-reasoned analysis by this court in *State v. Currie,* 5th Dist. Stark No. 2013CA00155, 2013-Ohio-5223. *See also, State v. Hickman,* 5th Dist. Licking No. 11-CA-134, 2012-Ohio-3050. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)." *Currie* at ¶ 15.

{¶16} Assignment of Error II is denied.

{¶17} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 514