[Cite as *State v. Hipsher*, 2016-Ohio-5877.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  CASE NO. 6-16-01

    v.

CRAIG W. HIPSHER,

  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court

Trial Court No. 20122303 CRI

Judgment Affirmed

Date of Decision:  September 19, 2016

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Jason M. Miller* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Craig W. Hipsher ("Hipsher") brings this appeal from the judgment of the Court of Common Pleas of Hardin County denying Hipsher's motion to vacate his sentence. Hipsher claims that the offenses were allied offenses of similar import. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 26, 2012, the Hardin County Grand Jury indicted Hipsher on 29 Counts. Doc. 1. Hipsher was arraigned on January 7, 2013, and entered pleas of not guilty to all counts. Doc. 7. On July 23, 2013, Hipsher withdrew his pleas of not guilty as to Count 2, Burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree; Count 4 with a firearm specification, Grand Theft in violation of R.C. 2913.02(A)(1),(B)(4), a felony of the third degree; and Count 6 with a firearm specification, Grand Theft in violation of R.C. 2913.02(A)(1),(B)(4), a felony of the third degree. Doc. 29. Hipsher then entered pleas of guilty to these counts and specifications. *Id.* The trial court accepted the guilty pleas. Doc. 30. A sentencing hearing was held on September 10, 2013. Doc. 34. The trial court then sentenced Hipsher to an aggregate prison term of nine years with two years mandatory. *Id.* The remaining charges in the indictment were then dismissed. *Id.* No timely appeal was taken from this judgment.

{¶3} On August 1, 2014, Hipsher filed a notice of appeal. Doc. 40. The request for a delayed appeal was denied. Doc. 46. On November 6, 2014, Hipsher

filed a motion to withdraw his guilty plea. Doc. 48. The basis for the motion was that the convictions for burglary and grand theft were allied offenses of similar import. *Id.* The State filed a response to the motion on November 17, 2014. Doc. 49. On January 2, 2015, the trial court denied the motion on the grounds that the offenses were two separate offenses as the burglary occurred on December 7, 2012, and the grand theft charges occurred on November 19, 2012. *Id.* Since the offenses occurred at two separate times, they were not allied offenses of similar import. *Id.* Hipsher then appealed from that judgment. Doc. 52. The appeal was dismissed as being untimely. Doc. 57.

{¶4} On December 21, 2015, Hipsher filed a motion to vacate a void sentence. Doc. 62. Hipsher alleges in this motion that he was sentenced on allied offenses of similar import for the two grand theft convictions. *Id.* The State filed its response on December 28, 2015. Doc. 63. On January 6, 2016, the trial court overruled Hipsher's motion. Doc. 64. Hipsher then filed a timely notice of appeal from that judgment. Doc. 66. On appeal, Hipsher raises the following assignment of error.

> **The trial court committed reversible error in failing to grant [Hipsher's] motion to vacate sentence as to counts four and six of the indictment, both theft charges arising out of the same act of burglary. They were allied offenses of similar import and as such, the court failed to merge them in imposing sentence and this created a void sentence.**

{¶5} Hipsher's argument is that his sentence was void because he was sentenced on two counts which were allied offenses of similar import. The Ohio Supreme Court has held that merger of allied offenses of similar import is not of such fundamental importance that it cannot be waived or forfeited by a defendant. *See State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990). The failure to merge allied offenses of similar import at sentencing merely makes the sentence "voidable", not "void". *State v. Guevara*, 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. While a court has continuing jurisdiction to address a void sentence, the doctrine of res judicata applies to sentencing errors that are merely voidable. *State v. Currie*, 5th Dist. Stark No. 2013 CA 00155, 2013-Ohio-5223. The doctrine of res judicata bars consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. This court has previously held that allied offenses of similar import are non-jurisdictional and may be barred by the doctrine of res judicata. *State v. Nava,* 3d Dist. Wyandot No. 16-15-07, 2015-Ohio-5053, ¶14. *See also, State v. Townsend*, 8th Dist. Cuyahoga No. 97214, 2012-Ohio-496; *State v. Williams*, 2d Dist. Greene No. 2012-CA-43, 2014-Ohio-725; *State v. Pemberton*, 4th Dist. Gallia No. 13CA8, 2014-Ohio-1204; and *State v. Pearson*, 5th Dist. Licking No. 13-CA-59, 2013-Ohio-5690.

{¶6} In this case, Hipsher did not challenge the issue of allied offenses on direct appeal. He could have done so as all of the necessary information was before

him at the time of sentencing. Thus, the issue is barred from consideration by the doctrine of res judicata. The assignment of error is overruled.

{¶7} Having found no prejudicial errors in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hardin County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**